UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| ALI SAREINI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-699 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN PAROLE BOARD, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's objections to the report and recommendation of the magistrate judge. The gravamen of plaintiff's civil rights complaint is that the Michigan Parole Board has denied him due process of law by refusing to consider him for parole after plaintiff became subject to the jurisdiction of the parole board. Even though he is serving a life sentence, plaintiff asserts a due-process right to parole consideration after he has served ten years of his sentence. Analyzing Supreme Court and Sixth Circuit authority, the magistrate judge determined that Michigan law does not create a reasonable expectation of entitlement to parole consideration and therefore recommended rejection of plaintiff's due-process claim. Plaintiff has now filed timely objections, which this court reviews *de novo*. FED. R. CIV. P. 72(b).

Upon *de novo* review, this court concurs with the conclusion of the magistrate judge. The Supreme Court has held that there is no inherent constitutional right to parole release and that any liberty interest must therefore be found, if at all, in the provisions of state law. *Greenholz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The Sixth Circuit has repeatedly

held that parole release under the Michigan system is discretionary with the parole board, and that state law does not dictate any substantive predicates to parole release, such that a liberty interest exists. *See, e.g., Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*). Under these authorities, a Michigan prisoner has no recognized liberty interest in parole consideration or release on parole, which at all times remains discretionary with the parole board.

In response to the report and recommendation, plaintiff raises three essential arguments, none of which is meritorious. Principally, plaintiff asks this court to apply the reasoning of *Witzke v. Withrow*, 702 F. Supp. 1338 (W.D. Mich. 1988), to this case. *Witzke* is completely inapposite. The *Witzke* decision involved the process due to a parolee facing revocation proceedings. The Supreme Court has long held that persons released on parole have a limited liberty interest in their parole status, which cannot be revoked absent minimal due process guarantees. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). The present case, by contrast, does not involve a person already released on parole, but a prisoner seeking parole consideration. The two situations are not comparable. Although the state is required to afford a parolee due process before revoking his parole and sending him back to prison, the state is not bound by any such due process guarantees in determining whether a prisoner should be released on parole. *Witzke*, therefore, is completely inapposite.

Second, plaintiff faults the magistrate judge for relying upon an earlier version of the Michigan "Lifer Law." The magistrate judge appropriately relied on the version of the Lifer Law in existence at the time of plaintiff's conviction in 1989. Subsequent amendments to the Lifer Law have made parole eligibility even more difficult. *Ex post facto* considerations require application of the more lenient Lifer Law in existence at the time of plaintiff's conviction.

Finally, plaintiff attempts to invoke a purported ruling by Judge Battani in the Eastern District of Michigan, issued in October 2007, which allegedly "explains the violation of due process by the Michigan Parole Board towards lifers with possibility of parole." Plaintiff does not cite Judge Battani's decision, nor has this court's research found any such decision. In all events, this court is bound by the pronouncements of the Supreme Court and the Sixth Circuit. Although decisions of other districts may be persuasive, they cannot undermine the settled authority of the appellate courts.

Upon *de novo* review, this court determines that plaintiff has failed to state a claim upon which relief can be granted, as he has no arguable due-process right to parole consideration. The report and recommendation of the magistrate judge, as amplified by this opinion, will therefore be adopted as the opinion of the court. Plaintiff's objections will be overruled, and plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

Date:   November 6, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE